**NOT FOR PUBLICATION**

```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY
```

_____
                                :
LEONARD CRUMBS,                 :
                                :  Civil Action No. 10-5426 (FSH)
        Petitioner,             :
                                :
    v.                          :  **MEMORANDUM OPINION**
                                :
KAREN BALICKI, et al.,          :
                                :
        Respondents.            :
_____  :

IT APPEARING THAT:

1.  The Clerk received Petitioner's application for a writ of habeas corpus, executed pursuant to 28 U.S.C. § 2254 ("Petition"). See Docket Entry No. 1. The Petition arrived unaccompanied by Petitioner's filing fee or by his in forma pauperis application. See id.

2.  While the Petition was rather lengthy, it was unclear from the face of the Petition whether it was timely and if all Petitioner's challenges were duly exhausted in all three levels of the state court.

3.  Therefore, on January 13th, 2011, this Court issued an order, which: (a) provided Petitioner with notice, pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000); (b) directed him to prepay his filing fee of $5 or to submit a duly executed in forma pauperis application; and (c) ordered

        Respondents to file a limited answer to the Petition. <u>See</u> Docket Entry No. 2.

4. In response, Petitioner duly submitted his filing fee of $5. Petitioner, however, did not submit his response to the notice given pursuant to <u>Mason v. Meyers</u>, 208 F.3d 414.

5. Respondents, too, made a submission. Their submission, however, failed to comply with the terms of the Court's order. <u>See</u> Docket Entry No. 5 (detailing the deficiencies of Respondents' submission). The Court, therefore: (a) ordered Petitioner to clarify his position in light of Petitioner's rights articulated in <u>Mason v. Meyers</u>; and (b) directed Respondents to file a supplemental answer complying with the terms of this Court's order, <u>see</u> <u>id.</u>, and Respondents duly made such submission. <u>See</u> Docket Entry No. 6.

6. Respondents supplemental answer asserted that the Petition was partially unexhausted and, in addition, untimely. <u>See</u> <u>id.</u> Therefore, Respondents sought dismissal of the Petition on these grounds. <u>See</u> <u>id.</u> Shortly after Respondents' filing of their answer, Petitioner filed a statement responding to this Court's <u>Mason</u> notice. Petitioner did not challenge Respondents' answer.

7. The record provided by Respondents indicates, with regard to the issue of timeliness, the following: (a) the New Jersey

Supreme Court denied Petitioner's petition for certification on direct appeal on September 29, 2004, see State v. Crumbs, 181 N.J. 549 (2004); (b) Petitioner initiated his post-conviction-review ("PCR") proceedings on February 28, 2006; and (c) the Petition at bar was filed on or after October 13, 2010.

8. As to the aspect of exhaustion, Respondents point out that parts of Petitioner's Ground One were not raised before state courts at all,[1] and the remaining issues raised now in his Ground One and also those raised in his Ground Two just vaguely resemble the issues raised before the state courts, since the challenges Petitioner presented to the state courts posed markedly different legal inquiries. Respondents stress that Petitioner himself conceded his lack of exhaustion of parts of his Ground One.

9. It is a requirement of every § 2254 petition that federal constitutional claims be addressed on the merits in State court and fully exhausted prior to the filing of a habeas petition in federal court. See, e.g., Granberry v. Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509, 516-18

---

[1] Petitioner's Grounds, including his Ground One, present "umbrella" challenges, being compilations of various claims. Specifically, Petitioner's Ground One presents a compilation of three different claims, aimed at the assistance provided by Petitioner's appellate counsel, the evidentiary basis presented during Petitioner's trial and the determinations made by Petitioner's trial court. See Docket Entry No. 1, at 6.

(1982); Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993). This means that each of the claims heard by the state courts must be the "substantial equivalent" of the claims asserted in the federal habeas petition; in other words, both the legal theory and factual predicate of each particular claim presented for federal habeas review must be materially the same as those of the corresponding claim presented to all levels of state court.  See Picard v. Connor, 404 U.S. 270, 275-77 (1971).   The rationale of the "substantial equivalent" requirement is self-evident in light of the standard of review applicable to federal habeas actions: habeas relief focuses on whether the state court's adjudication of the petitioner claim "resulted . . . or involved an unreasonable application of . . . Supreme Court precedent."  28 U.S.C. § 2254(d).  If the legal theory and/or the factual predicate of each claim presented to the state courts differed from the legal theory and factual predicate of the claim presented for federal habeas review, the federal court cannot just "guess," without a record, whether the state courts would have adjudicated the particular legal-theory-and-factual-predicate claim offered for federal review in a fashion not unreasonable under the applicable Supreme Court precedent.

10. However, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State," 28 U.S.C. § 2254(b)(2); see also Lambert v. Blackwell, 387 F.3d 210, 260 n.42 (3d Cir. 2004); Lewis v. Pinchak, 348 F.3d 355, 357 (3d Cir. 2003), that is if the claim, as stated, facially fails top warrant habeas relief. See id.

11. Moreover, district courts should dismiss petitions containing unexhausted claims in the absence of a state court decision clearly precluding further relief, even if it is not likely that a state court will consider the claims on the merits.  See Rose v. Lundy, 455 U.S. at 522; Banks v. Horn, 126 F.3d 206, 212-14 (3d Cir. 1997); see also Toulson v. Beyer, 987 F.2d 984, 989 (3d Cir. 1993)  ("Because no [New Jersey] court has concluded that petitioner is procedurally barred from raising his unexhausted claims and state law does not clearly require a finding of default, we hold that the district court should have dismissed the petition without prejudice for failure to exhaust state remedies").  Furthermore, because the one-year Anti-Terrorism and Effective Death Penalty Act ("AEDPA") statute of limitations, federal courts sometimes may stay § 2254

habeas proceedings to permit prisoners to exhaust state claims.

> [S]tay and abeyance should be available only in limited circumstances. . . . [S]tay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court [and that these unexhausted claims are not] plainly meritless.

Rhines v. Weber, 544 U.S. 269, 277-78 (2005) (citations omitted). Correspondingly, if a petitioner has submitted a "mixed" petition, the petition might warrant stay or full adjudication on merits, that is, if – as explained supra - the unexhausted challenges facially fail to state a claim warranting habeas relief.

12. Here, this Court examined the record and agrees with Respondents' position that some Petitioner's challenges are, indeed, unexhausted. However, the Court disagrees with Respondents' conclusion that Petitioner's "mixed" Petition must necessarily be dismissed on these procedural grounds, since Petitioner's unexhausted claims might be disposed on merits, as facially invalid, or could give rise for consideration as to whether a stay is warranted. Consequently, the Court declines to dismiss the Petition on the basis of Petitioner's failure to exhaust.

13. That being said, the Court agrees with Respondents' conclusion that the Petition should be dismissed, with

6

prejudice, on the basis of untimeliness.  On April 24, 1996, Congress enacted the AEDPA, which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1).  For the purposes of Petitioner's Application, the limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1).  A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court.  See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.  Here, Petitioner's AEDPA period of limitations began to run 90 days after the Supreme Court of New Jersey issued its decision as to his direct appeal, i.e., 90 days after September 29, 2004; which means that Petitioner's limitations period was triggered on December 28, 2004.  Correspondingly, this limitations period expired one year later, that is, on December 27, 2005, i.e., more

7

than a month and a half prior to Petitioner's filing of his PCR petition, which was submitted on February 14, 2006.

14. The statute of limitations under § 2244(d) is subject to tolling exception(s), that is, statutory tolling and equitable tolling.  See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 617-18 (3d Cir. 1998).  Section 2244(d)(2) requires statutory tolling for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending," 28 U.S.C. § 2244(d)(2), provided that the application to the state court seeking collateral review was filed during the period of limitations.  Here, however, no statutory tolling associated with Petitioner's filing of his PCR could be relevant to the Court's analysis, since Petitioner filed his PCR after his period of limitations expired.  See Long v. Wilson, 393 F.3d 390, 394-95 (3d Cir. 2004); Schlueter v. Varner, 384 F.3d 69, 78-79 (3d Cir. 2004).  Consequently, Petitioner's instant Petition has been untimely for almost six years; and the fact of his PCR proceedings changes none for the purposes of the analysis at hand.

15. The AEDPA statute of limitations is also subject to equitable tolling.  See Holland v. Florida, 130 S. Ct. 2549

(2010), Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 618 (3d Cir. 1998). "[A] litigant seeking equitable tolling [would] bear[] the burden of establishing two elements: (a) that he has been pursuing his rights diligently, and (b) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 125 S. Ct. 1807, 1814 (2005); see also Holland, 130 S. Ct. 2549.  The Third Circuit instructs that equitable tolling could be appropriate only when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition and the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims."  LaCava v. Kyler, 398 F.3d 271, 275-276 (3d Cir. 2005); see also Holland, 130 S. Ct. 2549 (same).  Mere excusable neglect is not sufficient.  See id.; see also Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999). Extraordinary circumstances have been found where: (a) the respondent has actively misled the plaintiff, (b) the petitioner has in some extraordinary way been prevented from asserting his rights, (c) the petitioner has timely asserted his rights mistakenly in the wrong forum, see Jones, 195 F.3d at 159, or (d) the court itself has misled a party

regarding the steps that the party needs to take to preserve a claim.  See Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005).  Moreover, even where extraordinary circumstances do exist, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing."  Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).  Here, equitable considerations are inapplicable to Petitioner's instant application, since the record reveals that Petitioner has spent the last six years in active and robust litigation of his PCR challenges, which indicates that Petitioner could commence a federal habeas proceeding had he had he wished to do so.  Therefore, his Petition is subject to dismissal, as facially untimely.

16. The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA") on the ground that "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  In Slack v. McDaniel, 529 U.S. 473, 484

(2000), the United States Supreme Court held: "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.  Here, the Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that dismissal of the Petition as untimely is correct.  The Court, therefore, will dismiss the Petition with prejudice and will decline to issue a certificate of appealability, pursuant to 28 U.S.C. § 2253(c).[2]

---

[2] Although the Petition at hand appears time barred, this Court is mindful of Petitioner's pro se litigant status and cannot rule out the possibility that Petitioner: (a) has valid grounds to seek equitable tolling; but (b) somehow omitted to address this vital issue in his instant application and, moreover, being served with Respondents' answer, elected not to oppose Respondents' conclusions.  In the event Petitioner has bases to hold a bona fide belief that his Petition is timely, the Court strongly encourages Petitioner to seek reconsideration of the instant Order.  To that effect, the Court notes that Petitioner's motion for reconsideration need not be a formal submission, and a mere written statement of pertinent facts would suffice (although Petitioner's discussion of these facts must be detailed and shall address the entirety of the period at issue, i.e., from December 27, 2005, to October 13, 2010).  In the event Petitioner timely submits such application, see Local Civil Rule 7.1(i) (providing that a motion for consideration "shall be

An appropriate Order accompanied this Memorandum Opinion.

<u>s/ Faith S. Hochberg</u>
**Faith S. Hochberg**
**United States District Judge**

Dated: December 7, 2011

---

served and filed within 14 days after the entry of the order or judgment"), this Court will direct the Clerk to reopen the instant matter and will examine the facts set forth in Petitioner's motion for reconsideration.